**NOLOP v. SMITH.**

Court of Customs and Patent Appeals.
January 13, 1930.

Patent Appeal No. 2187.

Fred H. Hayn, of Los Angeles, Cal., for appellant.

Watson E. Coleman and Frederick S. Stitt, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge. This is an appeal from a decision of the Commissioner of Patents in an interference proceeding, affirming a decision of the examiners in chief which affirmed a decision of the examiner of interferences awarding priority of invention to appellee.

The invention relates to a plumbing fixture, and is described in the two counts in issue, which read as follows:

"Count 1. In a flush tank, the combination with a float ball having an arm, an overflow pipe and means secured to said overflow pipe for engaging said arm and limiting the downward movement of said ball.

"Count 2. In a flush tank, the combination of a float ball having an arm, an overflow pipe and means for limiting the downward movement of said ball, said means comprising a hook secured to said overflow pipe,

said hook being adapted to engage the arm of said float ball."

Patent was issued to appellant on December 9, 1924, upon an application filed February 19, 1924.

Appellee's application was filed March 14, 1925.

The interference was declared by the Commissioner on May 29, 1925.

The preliminary statement of appellant was filed on June 22, 1925, and that of appellee in July, 1925.

The dates set up in appellant's statement are as follows: Conception, November, 1922; drawing, March, 1923; model, October, 1923; disclosure, December, 1923 (model and explanation); reduction to practice, December 9, 1924.

The dates set up in appellee's statement are as follows: Conception, March, 1921; drawing, September, 1921; model, September, 1921; disclosure, October, 1921; reduction to practice, September, 1921.

Both parties introduced testimony in support of their respective contentions.

All three tribunals concurred in awarding priority to appellee, the Examiner of Interferences and Examiners in Chief specifically finding that no earlier dates could be given appellant than those set out in her preliminary statement, and that appellee's proofs established beyond a reasonable doubt conception and reduction to practice prior to the dates set out in appellant's preliminary statement.

The decision of the Commissioner held that, while appellant in her preliminary statement sets up December 9, 1924, as the date of her reduction to practice, she is entitled to the date of February 19, 1924, when she filed her application, for constructive reduction to practice. He further held that upon all the testimony appellee had established conception and reduction to practice at an earlier date than conception and reduction to practice by appellant, as shown by her testimony. The Commissioner does not specifically hold, as did the lower tribunals, that appellant was confined to the dates set up in her preliminary statement for conception, disclosure, and reduction to practice, but he does note the fact, as did the other tribunals, that no motion was made by appellant to amend her preliminary statement to make it conform to the testimony produced by her.

█ Were we at liberty to ignore the dates set out in the preliminary statement of ap-

pellant and pass upon the case solely upon the testimony in the record, we should be compelled to find that the Commissioner and other tribunals in the Patent Office erred in awarding priority to appellee, because of the failure of appellee to sustain that burden of proof which the law requires, appellant being the senior party.

█ This, however, we are not at liberty to do, except as to allowing an earlier date of constructive reduction to practice. Upon this question we agree with the Commissioner that appellant is entitled to the date of filing of her application, February 19, 1924, for a constructive reduction to practice. This was permissible, because the records of the Patent Office show that as a matter of law she was entitled to that date, and no proof was necessary to establish it, and no other date could have been set up so far as *constructive* reduction to practice was concerned.

█ However, under the rules of the Patent Office, appellant could not, without amendment of her preliminary statement, be permitted to prove any date of reduction to practice earlier than said February 19, 1924, and this date is later than the date of reduction to practice by appellee, as established by the uncontradicted testimony produced by him.

█ It is well established that testimony taken by a party to an interference to show disclosure or reduction to practice prior to the date set forth in his preliminary statement, without amendment of such statement, is inadmissible, and will not be considered. Cross v. Phillips, 14 App. D. C. 228; Bader v. Vajen, 14 App. D. C. 241; Fowler v. McBerty, 27 App. D. C. 41; Neth v. Ohmer, 27 App. D. C. 319; Lowrie v. Taylor, 27 App. D. C. 522.

Appellee's counsel, when the testimony of appellant was taken, objected to all testimony tending to show dates of disclosure and reduction to practice earlier than those set out in her preliminary statement.

The three tribunals of the Patent Office, having concurred in finding that appellee's disclosure and reduction to practice antedated the earliest date that can be allowed appellant under her preliminary statement, and there being no evidence contradicting the testimony produced by appellee to establish that fact, we are compelled to affirm the decision of the Commissioner.

Appellant's counsel points to certain facts tending to excuse appellant for not having amended her preliminary statement, setting up earlier dates of disclosure and reduction to

practice, but we cannot alter a well-settled rule of law. We would observe, however, that appellant's present counsel, who acted for her in the taking of the testimony in her behalf, was himself a witness, and testified that for twenty-one years he was an assistant examiner in the Patent Office. Therefore he was presumably familiar with the rules of that office. He must have known that the rules provided for motions to amend preliminary statements in interference proceedings, and that in certain cases amendments may be made, even after the taking of testimony, where material error in the statement, arising through inadvertence or mistake, has been made, and upon a satisfactory showing that the correction is essential to the ends of justice. Rule 113.

In this case there was no motion to amend the preliminary statement to conform to the testimony produced by appellant, and all of the tribunals of the Patent Office point out this important fact in their decisions.

We find in the files a reply brief by appellant, and also certain affidavits and exhibits attached thereto, not produced before the Patent Office, which appellant's counsel asks us to consider in deciding this appeal. Permission was not secured from the court to file a reply brief, and the statute is plain that upon this appeal the court can consider only evidence produced before the Patent Office.

The jurisdiction of this court is limited to the consideration of alleged errors by the Patent Office, and, if no error is found, its decisions must be affirmed. So in this case we simply hold that upon the record made there was no error upon the part of the Patent Office in awarding priority of invention to appellee. It may be that in an infringement suit appellant may be found to be the prior inventor and her patent held valid. As to this we express no opinion.

The decision of the Commissioner is affirmed.

Affirmed.